FILED
JUL 3 0 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

*SUPPRESSED*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| ) | **4:25CR397-RWS/PLC** |
| TSZ KIN SHUM, ) | |
| a/k/a "Tanice", and ) | |
| JOHN Y. YOUNG, ) | |
| a/k/a "Johnny", ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, unless otherwise specified below:

### COUNT ONE
### (Money Laundering Conspiracy)

Beginning at a time unknown, but including January 2021 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the Central District of California, and elsewhere,

**TSZ KIN SHUM, a/k/a "Tanice", and
JOHN Y. YOUNG, a/k/a "Johnny",**

the defendants herein, did knowingly combine, conspire, and agree with each other and other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

(1) to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of a

specified unlawful activity, that is, distribution and possession with intent to distribute controlled substances, the transactions designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant and his co-conspirators knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(i); and

(2) to knowingly transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States and to knowingly transport, transmit, and transfer monetary instruments and funds to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of the specified unlawful activity, that is, distribution and possession with intent to distribute controlled substances, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in Count One, Defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real

or personal, involved in the Defendants' offense set forth in Count One, or any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

MATTHEW T. DRAKE
Acting United States Attorney

_____
DEREK J. WISEMAN, #67257MO
Assistant United States Attorney